**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

ALMIRALL, LLC,

            Plaintiff,

       v.

ALEOR DERMACEUTICALS LTD.,

            Defendant.

Case No. 21-17449

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Almirall, LLC ("Almirall" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendant Aleor Dermaceuticals Ltd. ("Aleor" or "Defendant"), and hereby alleges as follows:

### NATURE OF THE ACTION

1. This action for patent infringement brought under the United States Patent Act and the Hatch-Waxman Act, based upon Aleor's submission of Abbreviated New Drug Application No. 215718 (the "Aleor ANDA") to the United States Food and Drug Administration ("FDA").

2. By the Aleor ANDA, Aleor seeks approval to market a generic dapsone gel, 7.5% drug product (the "ANDA Product") prior to the expiration of United States Patent No. 9,517,219 ("the '219 patent"), which covers *inter alia*, the use of Almirall's ACZONE® Gel, 7.5% drug product, and which is listed accordingly in the FDA's publication, "Approved Products with Therapeutic Equivalence Evaluations" (the "Orange Book").

## PARTIES

3.      Plaintiff Almirall is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, having a place of business at 101 Lindenwood Drive, Malvern, PA 19355.

4.      On information and belief, Defendant Aleor Dermaceuticals Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at 5th Floor, Administrative Building Alembic Limited, Alembic Road, Vadodara, Vadodara, Gujarat, 390003, India.

## JURISDICTION AND VENUE

5.      This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271 and 21 U.S.C. § 355(j).

6.      Original jurisdiction is vested in this Court over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      On information and belief, Aleor, directly or through its affiliates and agents, is present in, and conducts the business and derives revenue from, *inter alia*, developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products, throughout the United States, including in the State of New Jersey.

8.      In its business of developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products, Aleor has purposefully directed activities at residents of the State of New Jersey.

9.      If the FDA approves the Aleor ANDA prior to the expiration of the '219 patent, upon information and belief, Aleor will market and sell the ANDA Product throughout the United States, including in the State of New Jersey, in violation of Almirall's rights in the patent.

10.     This Court has personal jurisdiction over Aleor.

11.     Almirall's assertion of personal jurisdiction is reasonable and fair.

12.     Pursuant to 28 U.S.C. § 1391(c)(3), venue is proper against Aleor because it is a foreign defendant and can be sued in any District.

## THE PATENT-IN-SUIT

13.     On December 13, 2016, the United States Patent and Trademark Office issued the '219 patent, entitled "Topical Dapsone and Dapsone/Adapalene Compositions and Methods for Use Thereof," a copy of which is attached as **Exhibit A** to this Complaint.

14.     Plaintiff Almirall owns all rights, title, and interest in the '219 patent.

## ACZONE® GEL, 7.5%

15.     Almirall is the holder of approved New Drug Application No. 207154 (the "ACZONE® NDA") for a topical drug product used to treat acne vulgaris, and containing, *inter alia*, 7.5% by weight of the active pharmaceutical ingredient, dapsone.  The FDA granted approval of the ACZONE® NDA on February 24, 2016.

16.     Almirall markets and sells the subject product of the ACZONE® NDA under the trade name ACZONE® Gel, 7.5%.

17.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '219 patent is listed in the FDA Orange Book with respect to the ACZONE® NDA and ACZONE® Gel, 7.5%.

## THE ALEOR ANDA

18.     Aleor is the owner of the Aleor ANDA.

19.     On information and belief, Aleor submitted, or caused to be submitted, the Aleor ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), in order to obtain approval to market the ANDA Product as a generic version of ACZONE® Gel, 7.5%.

20.     The Aleor ANDA refers to and relies upon the ACZONE® NDA and contains data

that, according to Aleor, demonstrate the bioequivalence of the ANDA Product and ACZONE® Gel, 7.5%.

21.    On or about August 11, 2021, Almirall received from Aleor, via FedEx, a letter titled "Notification of Paragraph IV Certification to U.S. Patent Nos. 9,161,926 and 9,517,219 Pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act" (the "Notice Letter").

22.    The Notice Letter provides notice that Aleor submitted to the FDA the Aleor ANDA, which included a certification by Aleor, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), that the claims of the '219 patent are invalid based on the Patent Trial and Appeal Board's Final Written Decision in *Amneal Pharmaceuticals LLC et al. v Almirall, LLC,* IPR2019-00207, dated May 29, 2020.

23.    Aleor attached a memorandum (or "Detailed Statement") to its Notice Letter by which it alleged factual and legal bases for its Paragraph IV Certification.  Aleor's Notice Letter provides allegations that the claims of the '219 patent are invalid.

24.    Aleor's Notice Letter does not provide factual or legal bases for non-infringement of the '219 patent.

25.    Aleor's Notice Letter does not list prior art or any combination of prior art that detail Aleor's factual or legal bases that the claims of the '219 patent are invalid.

26.    The Notice Letter provides that Aleor seeks approval to market the ANDA Product before the '219 patent expires.

## **CLAIM FOR INFRINGEMENT OF THE '219 PATENT**

27.    Almirall realleges and incorporates by reference Paragraphs 1 through 26 of this Complaint.

28.    The Aleor ANDA is an application for FDA approval by Aleor to market the ANDA Product for, *inter alia*, use by physicians treating, and patients having, acne vulgaris.

4

29.     Use of the ANDA Product as described in the Aleor ANDA is a method of treatment claimed in the '219 patent.

30.     The submission by Aleor to the FDA of the Aleor ANDA was an act of infringement of the claims of the '219 patent.

31.     The claims of the '219 patent are not invalid.

32.     The claims of the '219 patent are infringed by acts in relation to the ANDA Product as described in the Aleor ANDA.

33.     Approval of the Aleor ANDA prior to the expiration of the '219 patent will injure Plaintiff Almirall as owner of the '219 patent, holder of the ACZONE® NDA, and distributor and seller of ACZONE® Gel, 7.5% in the United States.

34.     An actual case or controversy exists between Almirall and Aleor.

35.     Almirall will be harmed substantially and irreparably if Aleor is not enjoined from infringing the '219 patent.

36.     Almirall has no adequate remedy at law.

37.     Almirall is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Almirall prays for judgment in its favor and against Aleor and respectfully requests the following relief:

(a)     A judgment that Aleor has infringed one or more claims of the '219 patent under 35 U.S.C. §271(e)(2);

(b)     An order, pursuant to 35 U.S.C. §271(e)(4)(A), that the effective date of any approval of the Aleor ANDA, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. §355(j)), shall not be earlier than the expiration of the '219 patent, including any extensions,

adjustments, and exclusivities;

(c)    A grant, pursuant to 35 U.S.C. § 271(e)(4)(B), of an injunction against Aleor, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, preventing the commercial manufacture, use, offer to sell, or sale of the ANDA Product within the United States, or the importation the ANDA Product into the United States, prior to the expiration of the '219 patent, including any extensions, adjustments, and exclusivities;

(d)    A Judgment that the '219 patent-in-suit is not invalid;

(e)    To the extent that Aleor has committed any acts with respect to the claimed subject-matter in the patent-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiffs damages for such acts;

(f)    Attorneys' fees in this action, as an exceptional case pursuant to 35 U.S.C. § 285;

(g)    Costs and expenses in this action; and

(h)    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Of counsel:*

FENWICK & WEST LLP

By: s/Charles H. Chevalier

James S. Trainor
R.J. Shea
902 Broadway, Suite 14
New York, NY  10010
(212) 921-2001
jtrainor@fenwick.com
rshea@fenwick.com

Charles H. Chevalier
Christine A. Gaddis
Rachel S. Johnston
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
cchevalier@gibbonslaw.com
cgaddis@gibbonslaw.com
rjohnston@gibbonslaw.com

Michelle Irwin
1191 Second Avenue, 10th Floor
Seattle, WA  98101
(206) 389-4510
mirwin@fenwick.com

*Attorneys for Almirall, LLC*

Dated:    September 23, 2021

7